# Wilson *et al. v.* Glenn.

### *Real Action in Nature of Ejectment.*

1. *Title to land; what writing ineffectual to pass.*—An instrument of writing not attested by any subscribing witness, nor proved or acknowledged before a proper officer, is ineffectual to pass the legal title to land, and cannot be made the basis of recovery or defense in an action of ejectment.

Appeal from Coosa Circuit Court.
Tried before Hon. James E. Cobb.
The opinion states the facts.

Lewis E. Parsons, Jr., for appellant.

[Smith v. The State.]

JESSE S. EDWARDS, *contra.*

MANNING, J.—This was an action at law, brought by appellee, Glenn, to recover possession, from appellants, of a parcel of land. Plaintiff claimed title by an instrument in writing, purporting to be a mortgage of the property, to secure payment of a note of the mortgagor, one Robertson, for borrowed money. But the instrument was not attested by any subscribing witness, nor was the execution of it acknowledged by the mortgagor. It was, therefore, according to the statute, not effectual to transfer the legal title to the mortgagee. Though evidence of the contract which the parties to it made, and available in a court of chancery, if Robertson was owner of the land, the writing did not operate to convey the land so as to enable the plaintiff to maintain an action to recover it in a court of law.—Code of 1876, § 2145 ; *Hendon v. White,* 52 Ala. 597 ; *Harrison v. Simons,* 55 Ala. 510.

The judgment of the Circuit Court must be reversed, and the cause be remanded.