# Stubbs *v.* Kohn & Brother.

*Statutory Action in nature of Ejectment.*

1. *Conveyance of lands; acknowledgment, or attestation of.*—Under the statute prescribing the requisites of conveyances of land (Code, §§ 2144-46), an acknowledgment by the grantor, or attestation by one or two subscribing witnesses, is as essential to the validity of such conveyance, as the signature of the grantor, or proper words of conveyance; and conveyances executed by

[Stubbs v. Kohn & Brother.]

ministerial officers, in the consummation of sales under judicial process, are within the statute.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. JAMES Q. SMITH.

J. S. WINTER, and EDWIN F. JONES, for appellant.

R. M. WILLIAMSON, and J. T. HOLTZCLAW, contra.

BRICKELL, C. J.—This was a real action, in the nature of ejectment, in which the appellees were plaintiffs, and the appellant was defendant, for the recovery of the possession of a lot or parcel of land "known and described as lot number 24, on the south side of Jefferson street in the city of Montgomery," and damages for its detention from the plaintiffs. The trial was had on the plea of *not guilty*; and as evidence of their title and right to possession, the plaintiffs offered in evidence an instrument in writing, purporting to be executed by William B. Hughes, clerk of the City Council of Montgomery, reciting a sale made by him of the lot, for unpaid taxes due from the defendant to the city, a purchase by the plaintiffs, and the payment of the purchase-money. The instrument further purports, on the consideration expressed, "to grant, bargain, sell and convey, unto the said J. Kohn and brother, the entire legal and equitable interest in said real estate, which the owner thereof had and held thereto, at the time of the assessment of taxes aforesaid against the same." To the introduction of this instrument as evidence, numerous objections were made by the defendant, and overruled by the court. The principal of these objections we shall consider is, that the instrument was invalid and inoperative as a conveyance of lands, because its execution was not acknowledged before a proper officer by the grantor, and certified by such officer, nor was it attested by a witness or witnesses.

The Code requires, that conveyances for the alienation of lands must be signed at their foot by the contracting party, and must be attested by one, or, when the grantor does not write his name, by two witnesses, who are able to write, and who must write their names as witnesses. An acknowledgment of execution by the grantor, before a proper officer, and certified, is equivalent to an attestation by a witness, or witnesses.—Code of 1876, §§ 2144–46. An attestation or acknowledgment of execution is, by the statute, as essential to the validity and operation of a conveyance of lands, as is the signature of the grantor, or proper words of conveyance.

[Ex parte Dickson.]

*Hendon v. White*, 52 Ala. 597. And conveyances made by ministerial officers, in the consummation of sales under judicial process, are as much within the operation of the statute as are the conveyances of individuals.—*Lord v. Folmar*, 57 Ala. 615. The instrument was improperly admitted in evidence. This objection to its introduction should have been sustained.

It is unnecessary to consider any other question involved, as this is decisive of the case, unless the plaintiffs have other evidence of title. The judgment is reversed, and the cause is remanded.