# O'Neal *et al. v.* Tennessee Coal, Iron & Railroad Co.

## *Statutory Action of Ejectment.*

1. *Ancient document; when admissible in evidence.*—A deed purporting to convey lands, which shows on its face that it was not sufficiently executed to operate as a conveyance of title, by reason of its neither being attested by subscribing witnesses nor its execution being acknowledged by the grantor, is not admissible in evidence as an ancient document, without proof of its execution.

2. *Same; same; case at bar.*—A deed of conveyance, purporting in its body to convey lands, which is signed by the grantor making his mark, and there are no attesting witnesses thereto, nor any acknowledgment of its execution, is not admissible in evidence as an ancient document, without proof of its execution.

[O'Neal *et al.* v. Tennessee Coal, Iron & Railroad Co.]

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was a statutory action of ejectment, brought by the appellants, Emmet O'Neal and C. F. Carson, against the Tennessee Coal, Iron & Railroad Company, to recover certain lands specifically prescribed in the complaint, and was instituted on August 3, 1899. The Tennessee Coal, Iron & Railroad Company was the tenant of Mrs. Bessie Gray, Henry B. Gray and W. M. Martin, and the landlords were made parties defendant on their motion.

The defendants filed the plea of the general issue and suggested adverse possession for a period of three years next before the commencement of the suit and claimed to have made permanent improvements thereon. Both the defendants and plaintiffs claim under a common source of title from one William J. Philyaw.

The plaintiffs introduced as their chain of title the following instruments in writing: A certified copy of a patent from the United States to David Houk, dated June 10, 1826; a certified copy of a deed of conveyance from David Houk and wife to Dr. S. S. Earle, dated May 1, 1852; a deed of conveyance from S. S. Earle and wife to William J. Philyaw, dated January 9, 1860.

The plaintiffs then offered evidence tending to show that William J. Philyaw died in 1867, and then introduced deeds of conveyance from his widow and children and heirs, executed in the years 1887, 1888, 1889 to the plaintiffs. There was evidence tending to show that all the children and heirs at law of said Philyaw joined in these conveyances; that said William J .Philyaw was in the ownership and possession of the lands during his life, and that after the plaintiffs received the deeds from his heirs, they went into actual ownership and possession of the lands sued for and continued in actual ownership and possession until they were taken into possession by the Tennessee Coal, Iron & Railroad Company, as the tenants of Mrs. Gray, Henry B. Gray and W. M. Martin in 1895.

The defendants, as stated above, claimed title through said William J. Philyaw. They offered to introduce in evidence what purported to be a certified copy of a deed of conveyance from William J. Philyaw and his wife to Alfred H. Roebuck, dated November 11, 1865. This instrument was signed by William J. Philyaw and his wife Elizabeth Philyaw by their making their mark next to their name, and was not attested by witnesses or acknowledged. There was attached to the copy offered a certificate of the probate judge of Jefferson county, that it was a correct copy of the deed as shown by the records of the office, and there was also attached to said deed a certificate that said instrument was filed for record in the office of the judge of probate of Jefferson county in, November 16, 1865. This last certificate was not signed. The plaintiffs objected to the introduction in evidence of the certified copy of said deed, upon the following grounds: "That it was shown by said certified copy that said instrument purports to be executed by the alleged grantors therein by their mark and not in their own handwriting, that their said signatures by mark are not witnessed by any attesting witness or witnesses, who can write their name, nor is said instrument, as appears from certified copy, acknowledged by the alleged grantors therein, or either of them; and because said certified copy of said pretended conveyance, or deed, shows on its face, that said instrument was void as a deed or conveyance, and did not lawfully pass any title to the property therein described, or any color of title thereto; and that said certified copy of said instrument is incompetent, irrelevant and illegal as evidence in this cause." The court overruled this objection, allowed said certified copy to be introduced in evidence, and to this ruling the plaintiffs duly excepted.

The defendants then introduced evidence showing that A. H. Roebuck died intestate on January 9, 1872, and letters of administration were issued on his estate to one William C. Roebuck; that under proceedings regularly had in the probate court of Jefferson county, the lands involved in this suit were sold under order of the court by the said administrator, and were purchased by,

and deeds were executed to, Alberto Martin, the father of Mrs. Bessie Gray and W. M. Martin. The defendants also introduced in evidence a deed from the register in chancery to Mrs. Bessie Gray and W. M. Martin bearing date of October 1, 1884, which deed was made under decree of the court dividing the lands of the estate of Alberto Martin among his heirs, and which included the land sued for in this suit. There was other evidence introduced by the defendants tending to show that A. H. Roebuck, by his tenants, went into possession of the lands purchased by said Roebuck from William J. Philyaw, and further tending to show that the defendants had been in possession of the lands for several years before the institution of this suit.

Upon the introduction of all the evidence the court, at the request of the defendants, gave the general affirmative charge in their behalf, and to the giving of this charge the plaintiffs duly excepted.

There were verdict and judgment for the defendants. Plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

EMMET O'NEAL, THOMAS R. RHOULAC, LANE & WHITE and LEE COWART, for appellants.—The court erred in allowing the defendants, against the objection of the plaintiffs, to introduce in evidence the instrument purporting to be a deed of conveyance from William J. Philyaw to Alfred H. Roebuck. This deed was signed by the grantors making their marks, and was not attested or acknowledged. There was, therefore, no signature to the proposed deed.—Code, §§ 1, 982.

"Under the Code a conveyance of lands is not executed so as to pass the legal estate, unless the execution thereof is attested by one witness where the grantor writes his own name; or, if he is not able to sign his own name and uses a mark, by two witnesses; or the execution is acknowledged before and certified by an officer having authority to take and certify the acknowledgment or probate of conveyance."—*Hendon v. White*, 52 Ala. 597; *O'Neal v. Robinson*, 45 Ala. 526; *Harrison v.*

*Simmons,* 55 Ala. 510; *Goodlet v. Handell,* 66 Ala. 151; *Lord v. Folmar,* 57 Ala. 615; *Bank of Ky. v. Iowa,* 59 Ala. 23; *Wilson v. Glenn,* 62 Ala. 28; *Stubbs v. Kohn,* 64 Ala. 186; *Stewart v. Beard,* 69 Ala. 470; *Dugger v. Collins,* 69 Ala. 324; *Evans v. Richardson,* 76 Ala. 329.

The said instrument was not admissible in evidence as an ancient document, although it was more than thirty years old and had been recorded in the probate office for more than that period. It appeared upon the face of the deed that it had never been executed as required by law, and, therefore, was not admissible without proof of its execution, although it may have been an ancient document. The presumption which justifies the admission of an ancient document is based on the idea that it was properly executed and that the witnesses or the persons before whom its execution could be proved, are dead.—*Gant v. Phillips,* 23 Ala. 275; *Lay v. Lawson,* 23 Ala. 377; *Barnett v. Turner,* 23 Ala. 463; *Rhodes v. Turner,* 2 Ala. 210; *McArthur v. Carree,* 32 Ala. 75; *Milton v. Haden,* 32 Ib. 30; *Wyatts v. Scott,* 33 Ib. 313; *White v. Hutchins,* 40 Ala. 253.

The presumption accompanying an ancient document is not that the certificate was written where one appears, or that there were attesting witnesses, where none appear, but that the proper certificate, as contradistinguished from a defective or improper certificate, was written upon or entered before, or that the witnesses who attested the execution are dead.

No court has ever gone to the extent of declaring that this presumption would be available to make a deed of an instrument which on its face was not a deed, which had never been signed as required by the statute. It could not transmute a void paper when recorded into a valid and legal conveyance of land. If the paper was void when recorded, if it was not a deed according to the requirements of the statute, no lapse of time would convert it into a valid conveyance of lands. The extent of this presumption is only that subscribing witnesses are dead, and that a proper certificate was written on the deed where the certificate is defective, or not in form and substance a compliance with the law.—*Alexander*

*v. Wheeler,* 78 Ala. 167; 1 Greenleaf on Evidence, § 145; *White v. Hutchins,* 40 Ala. 253; *Sharpe v. Orme,* 61 Ala. 263; *Bernstein v. Humes,* 75 Ala. 241.

In order to render the deed admissible in evidence, it was necessary, in the absence of proof of its execution, in connection with it as an ancient document, to prove enjoyment under it, or other equivalent explanatory proof.—*Beall v. Dearing,* 7 Ala. 124; *Farmer's Heirs v. Eslava,* 11 Ala. 124; *Carter v. Chaudron,* 21 Ala. 72; *Alexander v. Wheeler,* 78 Ala. 167; *White v. Farris,* 124 Ala. 461; *Holmes v. Cargell,* 58 Texas 687; *Applegate v. Lexington,* 117 Ill. 262.

WALKER, TILLMAN, CAMPBELL & WALKER, *contra.* If the certified copy of the record of the instrument, which appellees claim to be a deed, from William J. Philyaw and his wife to A. H. Roebuck, was properly admitted in evidence, then this deed divested out of Philyaw, all interest in the land and appellants have no title to the lands in controversy. This was proof, not merely of an ancient instrument, but of an ancient record of an ancient instrument; and the circuit court, following the well considered case of *White v. Hutchins,* 40 Ala. 253, and authorities there cited, held, that inasmuch as the instrument "had been recorded in the proper court of the proper county more than twenty years before the day of trial, the presumption was that its execution had been legally proved or acknowledged, and that the proper certificate had been written upon or under the deed." In the case of *White v. Hutchins,* the court said: "To hold otherwise would not be in harmony with the repeated adjudications of this court that after the lapse of twenty years such presumptions may be made."

DOWDELL, J.—The vital question in this case, and the determination of which, we think, will settle the controversy between the parties, is, whether or not the trial court erred in admitting in evidence against the objections of the plaintiffs below, who are the appellants here, the certified copy of the instrument claimed by the

appellee to be a deed of conveyance of the land in question from Philyaw to Roebuck. Upon the trial, the plaintiffs having made out a *prima facie* case, the defendant sought to defeat their right to recover by showing a conveyance of the title out of Philyaw, under and through whom the plaintiffs claimed, and to this end, offered in evidence, and which the court allowed against plaintiff's objection, the copy of the instrument claimed to be a deed or conveyance of the land from said Philyaw to Roebuck. The instrument bore date of November 11, 1865, and was in form a deed, purporting in the body of it to convey the land in question. It was signed,

"W. J. X Philyaw, (Seal), Elizabeth X Philyaw
his mark    her mark

(Seal)." There was no witness or witnesses, nor any acknowledgment to its execution. Attached to the copy was a certificate of J. P. Stiles, Judge of Probate of Jefferson county, that the foregoing instrument is a correct copy of the record of the deed as shown by the record in his office, and furthermore, that the foregoing instrument was filed for record in the office of the Judge of Probate court of Jefferson county on the 16th day of December, 1865.

No question was raised as to the use of a certified copy instead of the original, the plaintiff's objection being, that the certified copy showed on its face, that the original instrument was not a deed, and was wholly inoperative as such to pass the title out of the alleged grantors. The appellee's contention was, and is, that the instrument was admissible in evidence as an ancient document without proof of its execution, and with the presumption, as such, of its due execution, and in support of this contention relies alone upon the case of *White v. Hutchings,* 40 Ala. 253, and authorities there cited. The admission in evidence of ancient documents without requiring preliminary proof of their execution, is nothing more than a rule of evidence, created to prevent a failure of justice and preserve already existing rights, which would otherwise be lost. The reason of the rule is rested upon the ground of the presumed

death, after so great a lapse of time, of the attesting witnesses to the instrument, and by whom its execution would be required to be proved but for the rule, to render it competent in evidence. It was never intended that the rule should operate to create a right that never existed and whereby the ends of justice would be thwarted instead of being preserved.

In *White v. Hutchings, supra,* there was an acknowledgment by the grantor of the execution of the deed, though imperfect both in form and, substance. It was insufficient in itself as an acknowledgment under the statute to authorize registration so as to make the deed self-proving, but if the deed was, nevertheless, sufficiently executed as a deed to operate a conveyance of the title, since the signature of the officer to the defective acknowledgment, would be treated and held as that of an attesting witness subscribing his name as such. "The acknowledgment and certificate though defective in form, will operate as an attestation by a single witness."—3 Brick. Dig. 298, § 19; *Merritt v. Phenix,* 48 Ala. 87; *Sharpe v. Orme,* 61 Ala. 263; *Rogers v. Adams,* 66 Ala. 6f0.

The transcript of the deed in *White v. Hutchings,* was offered in evidence under an agreement between the parties to the effect, that the copy of the deed as set out in the transcript, might be regarded as an original paper of the same tenor and date. The deed was more than thirty years old, and it was there said: "Instruments more than thirty years old, unblemished by alterations, are said to prove themselves, the subscribing witnesses being presumed to be dead; and this presumption, so far as this rule of evidence is concerned, is not affected by proof that the witnesses are living," citing 1 Greenleaf's Ev. § 21. This was conclusive of the question in that case, and as to what was said by Justice JUDGE under the second proposition discussed by him in the opinion, as to the admissibility of the transcript independent of the agreement between the parties, it was stated, that the other members of the court announced no conclusion. None of the cases cited by Justice JUDGE, and all of which were decisions by this court,

support the proposition so broadly stated by him, as to the extent of the presumption to be indulegd in favor of an instrument or paper, that had been recorded for more than twenty years. In all of the cases to which our attention has been called, it appears that the instrument offered and admitted in evidence as an ancient document, whether in the shape of the original, or as a certified copy of the original, showed upon its face to be sufficiently executed to operate as a conveyance of the title, and proof of execution was all that was necessary to render it competent in evidence even as a recent document, and being ancient, the rule under consideration dispensed with the necessity of proving its execution.

In *Meegan v. Boyle,* 19 How. 149, which was an action of ejectment, in speaking of the rule as to the admissibility of ancient documents, the court said: "The rule embraces no instrument which is not valid on its face, and which does not contain every essential requirement of the law under which it was made." In *Reaume v. Chambers,* 22 Mo. 53, the Supreme Court of that State says: "The principle that ancient deeds accompanying the possession, and produced from the appropriate custody, prove themselves, has no application to this case. At the date of the deed in question, the law prescribes a mode by which estates should be conveyed. If that law was observed, this court has held that married women might convey their estates by complying with its provisions. If the law then in force regulating conveyances has not been complied with, how can we presume that a deed has been regularly executed when we see from the very instrument produced, in whose aid the presumption is sought, that the law, in almost every particular, has been violated? Can we presume that the law has been complied with when we see, from the very face of the deed, that it has not been? When an instrument itself tells us that the law has not been observed in its creation, how can we, from length of time or any other consideration, say that it has been? Can a presumption in favor of a deed arise when the deed itself tells us that such a presumption is false? The statute in force at the date of the deed required the wife to join

in it with the husband, and acknowledge it before the proper officer, and to declare that she executed it voluntarily without compulsion or undue influence of her husband.    Here the wife's name alone appears to the deed, and it is not acknowledged at all."—Citing *Beall's Lessee v. Lynn,* 6 Har. & J. 351.

In order to convey the legal title to land, the statutory requirements were substantially the same at the date of the instrument here in question as now.    At the date of the instrument, "under the Code, a conveyance of lands was not executed so as to pass the legal estate, unless the execution thereof was attested by one witness, when the grantor writes his own name, or if he is not able to sign his own name, and uses a mark, by two witnesses, or the execution acknowledged before and certified by an officer having authority to take and certify the acknowledgment or probate of conveyances." 3 Brick Dig. 297, § 11; *O'Neal v. Robinson,* 45 Ala. 526; *Harrison v. Simons,* 55 Ala. 510; *Goodlett v. Hansell,* 56 Ala. 346; s. c. 66 Ala. 151; *Lord v. Folmor,* 57 Ala. 615; *Bank of Ky. v. Jones,* 59 Ala. 123; *Wilson v. Glenn,* 62 Ala. 28; *Stubbs v. Kohn,* 64 Ala. 186; *Stewart v. Beard,* 69 Ala. 470; *Dugger v. Collins, Id.* 324; *Evans v. Richardson,* 76 Ala. 329.    Here the certified copy of the instrument offered in evidence showed on its face that there had been neither attestation nor acknowledgment.    If the original had been produced in this condition, it would hardly be contended that it came up to the requirements of the law for the conveyance of legal estate in land.    Does a copy possess in the eye of the law any greater dignity and virtue than the original?    The difficulty, we think, with the appellees, lies in the application of the doctrine as to the presumptions accompanying ancient documents.    As before stated, the admission of ancient documents in evidence when relevant, without proof of their execution, is but a rule of evidence, based upon the presumed death of the attesting witnesses.    It cannot apply to an instrument which on its very face contradicts any presumption of its having ever been executed.    We think there is a distinction to be drawn as to the extent of presumptions to be indulged, between those

cases where accompanying the possession of the property, title is relied on through judicial proceedings, where it is shown that the record have been loosely kept, and cases of private transactions between the parties. In the former, after great lapse of time, presumptions will be indulged in favor of the regularity of the proceedings, even to the extent of supplying important omissions, but in the latter the reason for such presumption does not exist.

Our conclusion is, that the court erred in admitting in evidence the copy of the paper claimed to be a deed from Philyaw to Roebuck, being on its face invalid as a conveyance of the legal estate.

Reversed and remanded.