[Prince v. Prince, et al.]

# Prince *v.* Prince, *et al.*

### Ejectment.

(Decided June 18, 1914. Rehearing denied July 25, 1914.
66 South. 27.)

*Adoption; Validity of; Statutes.*—Under section 5202, Code
1907, an instrument adopting a child which does not show
an acknowledgment by the adopting parent before the probate judge,
is without effect, unless there is evidence that the adopting parent
actually acknowledged the instrument before the probate judge; the
mere fact that the adopting parent and child exercised the rights
and performed the duties of the relation of parent and child for
about thirty years, and until the death of the adopting parent, does
not relieve the child of the necessity of such proof.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by John G. Prince and others, against Joe
S. Prince. Judgment for plaintiffs and defendant ap-
peals. Affirmed.

HUNT & WOLFES, for appellant. Declaration of adop-
tion in Alabama is more in the nature of a deed than
anything else.—*Abney v. DeLoach,* 84 Ala. 394. Ac-
knowledgement dispenses with the necessity of wit-
nesses, and makes an instrument self proving, but where
witnesses are properly shown a paper is duly attested.—
§§ 3374, 3357, 3382, Code 1907; *White v. Hutchins,* 40
Ala. 257; *Jordan v. McClure,* 170 Ala. 313. The adop-
tion being more than thirty years old, it was valid as an
ancient document.

ISBELL & SCOTT, for appellee. The adoption was not in
conformity to the statute, and it was therefore necessary
that proof be made that the instrument of adoption was
acknowledged before the probate judge.—§ 5203, Code

[Prince v. Prince, et al.]

1907; *Abney v. DeLoach,* 84 Ala. 393. This case falls within the influence of *O'Neal v. T. C. I. & R. R. Co.,* 140 Ala. 378, and authorities there cietd.

DE GRAFFENRIED, J.—Section 5202 of the Code of 1907, which is now and was operative as the law of this state at the time to which we hereafter refer, provides as follows: "Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted, may make a declaration in writing, attested by two witnesses, setting forth the name, sex and age of the child he wishes to adopt, and the name he wishes it thereafter to be known by, which, being acknowledged by the declarant before the judge of probate of the county of his residence filed and recorded, * * * has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration."

1. Our laws of descent and distributions are of statutory creation, and, as the status of parent and child has always influenced legislative action in determining what shall become of the property of those who die intestate, it was appropriate that, in the statute which we have above quoted, our Legislature should porvide that an adopted child should be capable of inheriting the estate of the person adopting him. The status of the parties being fixed, it was appropriate that all the incidents usually attendant or flowing out of the relations so established should attach to both the adoptive parent and child. For this reason this court has held that an adopted child is entitled, during minority, to claim exemptions out of his adoptive parent's estate.—*Cofer v. Scroggins,* 98 Ala. 346, 13 South. 117, 39 Am. St. Rep. 54.

"The primary object of the statute would seem to be,

[Prince v. Prince, et al.]

to allow any person to adopt the child of another and make it capbale of inheriting his estate, if he should die intestate, or to change the name of one previously adopted. But, a liberal intendment and operation should be given to the statute."—*Cofer v. Scroggins, supra; Tilley v. Harrison,* 91 Ala. 297, 8 South. 802.

2. In the instant case the facts are that William T. Prince, on August 14, 1880, adopted Simeon Jones, a child then 3 years of age, and in the instrument declared that said Simeon Jones should be capable of inheriting his real and personal property, and that his name should be Simeon Jones Prince. It is inferable from the bill of exceptions that from the day that the adoption took place until the death of the foster father, about 30 years afterwards, the said Simeon Jones Prince lived with the said William T. Prince, as his child, and, as such child, performed services for the foster parent. During all this period it is also inferable that the said William T. Prince recognized and held out to the world as his adopted child the said Simeon Jones Prince. In other words, it is inferable from the bill of exceptions that for about 30 years—from the day of the adoption until the death of William T. Prince—the status of parent and child openly existed between the parties.

3. It appears from the bill of exceptions that after the death of said William T. Prince diligent search was made for the articles of adoption, but that they were not found. If any one has seen the articles since they were recorded on the minutes of the probate court of DeKalb county the record fails to show it. The probate record shows that the articles conformed to every requirement of our statutes, except that the minutes of the probate court fail to show that the articles were acknowledged before the judge of probate by the foster father. The trial court was of the opinion that, for this reason, the

said Simeon Jones Prince—or, as he now writes his name, Joe S. Prince—failed to show a legal adoption, and for that reason is not entitled to be treated as the heir of said William T. Prince, who, it appears, was a childless man.

4. The sole question before us, then, is: Has this court the right to presume, or to leave it to a jury to presume, in aid of a status which, for 30 years, existed between the parties, that the foster parent actually acknowledged the instrument before the probate judge, but that the clerk, in recording the instrument by a clerical omission failed to record the acknowledgment? The act authorizing the adoption of children is, as we have already said to be liberally construed for the purpose of carrying out the humane purposes of the act. The Legislature, however, in passing the act, had a right to say *how* the instrument evidencing the adoption should be executed. In creating the right to adopt, it had a right to say what formalities shall be observed by those who desire to exercise that right. It had a right to require that such instruments should be acknowledged by the foster parent and to make this acknowledgment a necessary part of the due execution of the instrument. In other words, it had a right to say that such an instrument, *to be effective,* should, before it became effective, be acknowledged before the judge of probate. A liberal interpretation is to be given the statute, but this has not been held to apply to the acts which, in order that the legal relation of foster parent and adopted child may be created, the foster parent must, under the direction of the statute, do. The failure of the judge of probate to record the instrument does not destroy the operation of the statute.—*Abney v. DeLoach,* 84 Ala. 393, 4 South. 457. The instrument, however, must be filed for record in the probate court to be effective, as it is wanting in effi-

cacy until so filed, and the act of filing is one which the statute exacts of the foster parent.—*Shearer v. Weaver,* 56 Iowa, 578, 9 N. W. 407; *Abney v. DeLoach, supra.*

5. In the case of *ONeal, et al. v. Tennessee Coal, Iron· & R. R. Co.,* 140 Ala. 378, 37 South. 275, 1 Ann. Cas. 319, this court, upon a careful consideration of the authorities on the subject, held that this court would not presume in favor of the validity of an ancient recorded deed —the original being lost—that it had been acknowledged as required by law, the record of the deed failing to show an acknowledgment. An examination of the opinion in that case will show that the conclusions of the court on the subject are based upon sound reasoning, and that the argument of Justice JUDGE in *White v. Hutchings,* 40 Ala. 253, 88 Am. Dec. 766, in which argument the· other members of the court did not concur, was unsound.

In *Abney v. DeLoach, supra,* this court said that the instrument of adoption provided for by section 5202 of the Code of 1907 was similar to a deed, and in that case it was treated as a quasi deed. The reception by the probate judge of the deed, attested by witnesses and acknowledged as required by the act, for record, is in no sense a judicial act, and the paper when filed and recorded has about it no elements of a judicial decree. In the· case of *Gantt's Adm'r v. Phillips,* 23 Ala. 275, this court, in an exhaustive opinion, reviewed the authorities touching the presumption which may be indulged, after the· lapse of 30 years, in upholding a status which has, for so long a period, constantly existed. In the case of˜ *O'Neal, et al. v. Tennessee Coal, Iron & R. R. Co., supra,* this court said, referring to the rule announced in *Gantt's Adm'r v. Phillips, supra:* "We think there is a distinction to be drawn as to the extent of presumption to be indulged between those cases where, accompany-; ing the possession of the porperty, title is relied on.

through judicial proceedings, where it is shown that the records have been loosely kept, and cases of private transactions between the parties. In the former, after great lapse of time, presumptions will be indulged in favor of the regularity of the proceedings, even to the extent of supplying important omissions, but in the latter the reason for such presumption does not exist."

The rule seems to be of universal application that the burden is on the person claiming the benefit of an alleged contract for adoption to establish it by clear, cogent, and convincing evidence. The statute, while subject to liberal construction, must, to become operative, be substantially complied with, and our statute requires, as a necessary component part of a *validly executed* instrument of adoption, that it *shall be acknowledged by the foster parent before the probate judge.—Abney v. De Loach, supra.*

As the statute *required* the acknowledgment, and as it *is not shown that there was an acknowledgement,* the appellant failed to show a legal right of inheritance.— *O'Neal's Case, supra.*

As the instrument is not shown to have been acknowledged, and as the acknowledgment was a necessary part of the valid execution of the instrument, this instrument comes within none of our curative acts validating the previous recordation of *valid* instruments which had been recorded without acknowledgment.

A careful examination of this record convinces us that, under the law as it has been settled by previous decisions of this court, the defendants were entitled to the general charge which the court gave to the jury, in their behalf.

The judgment of the court below is therefore affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.