181 So. 120

## JOHNSON v. LONG et al.

3 Div. 247.

Supreme Court of Alabama.

April 21, 1938.

Rehearing Denied May 19, 1938.

McMillan & Caffey, of Brewton, for appellees.

H. C. Rankin, of Brewton, for appellant.

ANDERSON, Chief Justice.

The sole question in this case involves the validity of the adoption of the appellant when a minor. If said adoption was valid, the decree would be erroneous and would have to be reversed. On the other hand, if the attempted adoption did not conform to the statute and was invalid, as held by the trial court, the case must be affirmed.

This case is almost identical with the case of Prince v. Prince et al., 188 Ala. 559, 66 So. 27, in that the declaration of adoption was not acknowledged as required by the statute. The only difference being that in the present case, while the declaration is set out and shows on its face that it was not acknowledged as required by the statute, there is a recital in the order of the probate judge that the declaration was acknowledged and it is urged that that was, in effect, a judicial determination that there was an acknowledgment.

The history of our statutes of adopting children as covered by sections 9300–9302 of the Code of 1923 and its predecessors is given in the well-considered case of Abney et al. v. De Loach, Adm'r, et al., 84 Ala. 393, 4 So. 757, and it was there held that the procedure there required was not judicial but purely ministerial. Therefore, the order or note of the probate judge following the filing of the declaration of adoption was not a judicial finding of the judge of probate which could supply a material omission from the declaration as set out, and which spoke for itself. No presumption will be indulged in favor of the regularity of adoption papers and the burden is on one claiming the benefit of same to establish by clear and convincing evidence that all statutory requirements have been complied with. Prince v. Prince, supra; O'Neal et al. v. Tennessee Coal, Iron & Railroad Co., 140 Ala. 378, 37 So. 275, 1 Ann.Cas. 319.

True, the statute, as considered in the cases cited, was amended by the Act of 1911, page 114, appearing in section 9302, but the amendment relates to the annulment and not the adoption, and the action of the judge of probate as to the annulment may be judicial in its nature, but still seems to be ministerial as held in the De Loach Case, supra, as to the adoption.

The curative statute, as to recorded instruments, does not apply to adoption papers. Prince v. Prince, supra; Holloway et al. v. Henderson Lumber Co., 194 Ala. 181, 69 So. 821; O'Neal v. Tennessee Coal, Iron & Railroad Co., supra.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.