THIGPEN, Judge.
This case involves an adoption and the distribution of wrongful death proceeds.
H.B.H. (decedent) died intestate in October 1994, and the Probate Court of Mobile County granted letters of administration to his widow, C.H.H. Subsequently, a petition was filed by the decedent’s children from two previous marriages, who alleged that they were the biological children of the decedent, and sought, among other things, a determination of the decedent’s heirs and a determination of whether statutory law in Mississippi controls the distribution of proceeds resulting from asbestos litigation in that state. They also alleged that the adoption of L.B.S. by the decedent was void, and, therefore, that L.B.S. was not an heir at law. L.B.S. is the biological child of C.H.H. Numerous other petitions and motions were filed that are not relevant to this appeal and will not be addressed.
The trial court entered an order finding, among other things, that the decedent’s adoption of L.B.S. was void because that order was entered after the decedent’s death; that L.B.S. was not an heir of the decedent; and that Mississippi law controlled the distribution of the wrongful death proceeds. C.H.H., as administratrix of the estate, appeals.
C.H.H. raises the following issues: 1) whether the trial court erred in holding that the decedent’s adoption of L.B.S. was void; 2) whether the trial court erred in failing to hold that L.B.S. was entitled to inherit from the decedent under the doctrine of equitable adoption or adoption by estoppel; and 3) whether the trial court erred in holding that statutory law in Mississippi controlled the *1078 distribution of proceeds realized from a wrongful death litigation in Mississippi.
The record reveals that C.H.H. and the decedent were married in Mississippi in April 1993, and on August 1, 1994, the decedent filed a petition in the Mobile Probate Court to adopt L.B.S. At that time, the decedent was 69 years old, and L.B.S. was seven years old. On August 23, 1994, the trial court entered an interlocutory order recognizing the decedent as the stepfather of L.B.S., granting the decedent custody of L.B.S., and setting a dispositional hearing on November 17,1994. Following a request for an expedited hearing, the probate court entered a final decree of adoption of L.B.S. on October 18, 1994, at 9:50 a.m., which was approximately 40 minutes after the decedent’s death at 9:10 a.m. in a hospital in Pascagoula, Mississippi.
C.H.H. contends that the trial court erred in holding that the adoption was void because, she argues, by virtue of the decedent’s filing the petition for adoption, he clearly demonstrated an intent to establish a parent and child relationship. The only authority cited by C.H.H. to support her argument is Ala.Code 1975, § 26-10A-16 and § 26-10A-25, found within the adoption statutes. C.H.H. fails to indicate how the general provisions of those Code sections apply to her appeal.
When the judgment of the probate court in an adoption proceeding is based on the examination of witnesses ore tenus, that judgment is presumed correct and will not be disturbed on appeal unless clearly erroneous. C.C.K. v. M.R.K., 579 So.2d 1368 (Ala.Civ. App.1991). Furthermore, it is well settled that our review is limited to issues for which supporting authorities have been cited and that inapplicable authorities and general propositions will not support contentions. Legal Systems, Inc. v. Hoover, 619 So.2d 930 (Ala.Civ.App.1993); see Messer v. Messer, 621 So.2d 1343 (Ala.Civ.App.1993). When an appellant fails to cite authority for an issue presented, we may affirm the trial court’s decision. McLemore v. Fleming, 604 So.2d 353 (Ala.1992). Accordingly, the trial court’s judgment that the adoption of L.B.S. was void is due to be affirmed.
Next, C.H.H. contends that the trial court should have held that L.B.S. was entitled to inherit under the doctrine of equitable adoption or adoption by estoppel.
Adoption is purely statutory, and our courts have always required strict adherence to statutory requirements in adoption proceedings. Ex parte Sullivan, 407 So.2d 559 (Ala.1981); Robinson v. Robinson, 283 Ala. 257, 215 So.2d 585 (1967); Rivers v. Rivers, 240 Ala. 648, 200 So. 764 (1941). “The right of adoption, that is, to confer on the child of another a title to the privileges and rights of a child and appointment as heir of the adopting person is purely statutory, and was never recognized by the rules of common law.” Hanks v. Hanks, 281 Ala. 92, 99, 199 So.2d 169, 176 (1967).
Typically, equitable adoption has rarely been recognized to avoid unfair results from the application of intestacy statutes. It appears that on those rare occasions when our Supreme Court has recognized equitable adoptions within carefully articulated limits, it has held that this kind of relief was appropriate only when a definite contract was clearly proven, not only to adopt, but to adopt so as to inherit, and for which specific performance could be enforced. Prince v. Prince, 194 Ala. 455, 69 So. 906 (1915); see Robinson v. Robinson, 283 Ala. 257, 215 So.2d 585 (1967); Rivers v. Rivers, 240 Ala. 648, 200 So. 764 (1941); and Prince v. Prince, 188 Ala. 559, 66 So. 27 (1914).
The Supreme Court has stated:
“A distinction must, of course, be recognized between a mere agreement to adopt, and an agreement to make the child a beneficiary of property, either by heirship or by deed or testament. In view of this distinction, it is insisted, not only that the evidence fails to show a contract of adoption, but that, even if it does, it does not appear that it embodied any agreement by which complainant acquired any equitable interest in the estate of his adoptive father, and hence that there is no right shown which equity can or should enforce. It must be conceded that equity will not enforce a mere agreement to adopt, since, for *1079 the purposes of the relationship and its legal incidents, the requirements of the statute are clearly mandatory and exclusive. Prince v. Prince, 188 Ala. 559, 66 So. 27.”
Prince v. Prince, 194 Ala. 455, 458, 69 So. 906, 907 (1915).
There is no indication that there was ever an agreement whereby L.B.S. would inherit any of the decedent’s property. The attorney who prepared the petition for adoption testified that the information on the petition was provided by C.H.H. She further testified that the day the decedent signed the petition was the only time that she saw the decedent before his death, and that the decedent indicated that he understood what he was signing.
The record does not indicate whether the decedent was aware of the expedited hearing that resulted in the final adoption decree; indeed, C.H.H. testified that her daughter from a previous marriage requested the expedited proceeding. C.H.H. testified that it was in L.B.S.’s best interest to be adopted by the decedent, and that the decedent wanted L.B.S. to have his name. C.H.H. further testified that she knew that the decedent was sick, but that she did not know the severity of the decedent’s condition because he would not permit her to discuss it with his doctors. She testified that she had taken the decedent to the hospital in Mississippi two days before his death, and that at the time of his death, she was at the hearing to testify.
The facts of this case simply do not present those specific facts necessary to invoke the application of equitable adoption. Therefore, we find no error in the trial court’s judgment.
C.H.H.’s final contention is that the trial court erred in holding that Mississippi law, rather than Alabama law, applied to the distribution of the proceeds from the asbestosis litigation in Mississippi. C.H.H. concedes that the rule of lex loci delicti applies to the substantive law as it relates to a wrongful death action; however, she argues that Alabama’s intestacy statutes are controlling when distributing the settlement proceeds.
The decedent initiated litigation in Mississippi in 1991, prior to marrying C.H.H., claiming personal injury from exposure to asbestos. After his death, a settlement agreement was reached. It is undisputed that Mississippi law controlled the asbestosis litigation and that the settlement resulted in proceeds due the decedent. The issue, therefore, becomes whether the proceeds are to be distributed according to Alabama law as an asset of the estate, or according to Mississippi law, as a settlement for the decedent’s wrongful death. Mississippi’s wrongful death statute provides for the distribution of damages for the injury and death of a married man. Miss.Code 1972, § 11-7-13; Franklin v. Watkins, 599 So.2d 1153 (Ala.1992).
There is nothing in the record to indicate that, prior to his death, the decedent had participated in, nor reached any type of settlement in the asbestosis litigation, that would place the proceeds as an asset of the estate. For aught it appears, the proceeds are for damages from a wrongful death statute and should be distributed according to Mississippi’s wrongful death statute. According, we can find no error in the trial court’s judgment concerning distribution of the wrongful death proceeds.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
CRAWLEY, J., concurs specially.
ROBERTSON, P.J., concurs in the result.
MONROE, J., dissents.