WOODALL, Justice.
Betty Ellis, as personal representative of the estate of her sister, Annie Laurie Pace, deceased, appeals from a judgment for Joshua Adam Falls West and Jacob Wayne Falls West (“the children”), by and through their adoptive mother and next friend, Agnes West, on the children’s petition asserting a claim in Pace’s estate. We reverse and remand with directions.
The facts are undisputed. The decedent, Annie Laurie Pace, was the maternal great-grandmother of the children, being the mother of Robert Pace, deceased, who was the father of Kelly Pace, who married Ricky Falls in 1990. In April 1993, Kelly Pace Falls died, survived by her husband and the children. On November 16, 1995, the children were adopted by their paternal grandmother, Agnes West, and her husband, Albert West, the children’s step-grandfather.
Annie Laurie Pace died intestate on July 25, 2005, and letters of administration were issued to her sister, Betty Ellis. Subsequently, the children, by and through Agnes West, filed in the probate court a “petition for determination of heir-ship,” alleging that they are the “only surviving lineal descendants of Annie Laurie Pace.” The petition sought an “order determining that [the children] are the heirs and next-of-kin of [Annie Pace], and are entitled to inherit the estate of [Annie Pace].” The proceeding was removed to the Jefferson Circuit Court.
On July 5, 2006, Ellis moved for a summary judgment, arguing that the children’s petition had no merit, based on Ala.Code 1975, § 43-8-48(1), which provides:
“If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:
“(1) An adopted person is the child of an adopting parent and not of the natural parents except that adoption of a child by the spouse of a natural parent has no effect on the right of the child to inherit from or through either natural parent....”
(Emphasis added.)
On August 30, 2006, the trial court entered an order granting the children’s petition. The order stated, in pertinent part:
“The court hereby finds that the undisputed facts show that Kelly Pace Falls, the biological mother of [the children], died prior to the adoption of the children; therefore, there was no termination of parental rights nor relinquishment of parental rights by Kelly Pace Falls. The minor children were adopted by their paternal grandmother, Agnes West and paternal step-grandfather, Albert West, following the death of Kelly Pace Falls. The biological father of the children consented to the adoption of the children by his mother and stepfather.
“The court finds further that § 43-8-48, Code of Alabama, is not to be so strictly construed as to disinherit these minor children from the biological mother’s grandmother. There are no reported Alabama cases applying strict construction of this statute such that these children would not inherit under the law of intestate succession under the facts of this case. Their deceased biological mother, the granddaughter of the decedent, Annie Laurie Pace, did not consent to the adoption of her children, *22 nor were her parental rights terminated. Neither does this court provide for such a result.”
(Emphasis added.)
Subsequently, Ellis appealed. On appeal, Ellis contends that the trial court failed to apply § 43-8-48 according to its plain meaning, and that it erred in failing to do so.
Our resolution of this dispute is governed by well-established principles of statutory construction and separation of powers. It is axiomatic that “ ‘[w]ords used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’ ” University of South Alabama v. Progressive Ins. Co., 904 So.2d 1242, 1246 (Ala.2004) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)) (emphasis added). Moreover, “ ‘[i]f the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ” Id. (emphasis added).
We see no ambiguity in § 43-8-48(1). It clearly states that an adopted child is not the child of its natural parents “for purposes of intestate succession.” The single exception is where the adoptive parent is “spouse of a natural parent.” It is undisputed that the exception does not apply in this case.[1]
The children urge this Court to disregard the clear statutory directive and engage in a labored public-policy discussion, with a view to integrating the probate code with the adoption code, and to affirm the judgment on that basis. Children’s brief, at 10-17. This, we may not do.
“ ‘[Section] 43 of the Constitution of Alabama of 1901 mandates the separation of judicial power from legislative power and condemns the usurpation of the power of one branch of government by the other.’ ” Sears Termite & Pest Control, Inc. v. Robinson, 883 So.2d 153, 157 (Ala. 2003) (quoting Ex parte Thicklin, 824 So.2d 723, 732 (Ala.2002)). “ ‘The authority to declare public policy is reserved to the Legislature, subject to limits imposed by the Constitution.’ ” Id. (emphasis added). See Rogers v. City of Mobile, 277 Ala. 261, 281, 169 So.2d 282, 302 (1964); Almon v. Morgan County, 245 Ala. 241, 245, 16 So.2d 511, 514 (1944) (“[T]he Legislature prescribes the State’s policy; the courts do not.”).
“Our laws of descent and distributions are of statutory creation, and ... the status of parent and child has always influenced legislative action in determining what shall become of the property of those who die intestate.... ” Prince v. Prince, 188 Ala. 559, 560, 66 So. 27, 28 (1914) (emphasis added). See also Woodliff v. Dunlap, 187 Ala. 255, 259, 65 So. 936, 938 (1914) (“[T]he subjects of descent and distribution are of statutory control....”).
The legislature has unambiguously declared it to be the policy of this State that, except in one instance immaterial to this case,[2] an adoption severs a child from its natural lineage for purposes of intestate succession. The wisdom or folly of that *23 declaration is of no legitimate concern to the judiciary. Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944). The judiciary’s duty is merely to enforce the policy as declared in § 43-8-48(1).
For these reasons, the judgment of the trial court is reversed, and this cause is remanded with directions to enter a judgment in favor of Ellis.
REVERSED AND REMANDED WITH DIRECTIONS.
SEE, LYONS, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
COBB, C.J., concurs specially.

. Agnes West is a grandparent, and Albert West is not the "spouse of a natural parent.”

. Also immaterial is the fact that the children's deceased mother did not consent to the adoption, a matter about which the trial court expressed some concern. Under Ala. Code 1975, § 26-10A-10(4), no consent to, or relinquishment of parental rights for, adoption is required of a "deceased parent or one who is presumed to be deceased under Alabama law.”