# Prince, *et al.* v. Prince.

## Specific Performance.

(Decided October 14, 1915.   69 South. 906.)

1. *Specific Performance; Adoption; Performance by Child.*—Where a declaration of adoption is invalid because of want of compliance with the statute, but the real parent has surrendered the child to the adoptive parent, who has agreed to make the child his legal heir, and the child has fully performed the contract on his part, chancery will decree specific performance of the adoption contract against the adoptive parent, his heirs or legal representatives, and invest the child with the adoptive parent's estate.

2. *Same; Agreement to Adopt.*—The requirements of the statute are clearly mandatory and exclusive for the purpose of the relationship and its legal incidents, hence, equity will not enforce a mere agreement to adopt.

3. *Same; Evidence.*—An adoptive paper is competent evidence of a contract relation between the quasi adoptive parent and the child, though not proven or recorded so as to constitute a legal adoption.

4. *Same.*—The evidence examined and held to support the allegation of an agreement to make complainant the heir of the adoptive father.

5. *Appeal and Error; Presumption; Abandonment.*—Where demurrers to the bill are not submitted to the chancellor and no decree is rendered thereon, the presumption will be indulged on appeal that the demurrers have been abandoned by the party demurring.

6. *Same; Review; Rulings; Objection.*—Where objections to evidence are not shown to have been brought to the attention of the chancellor, and no rulings were made thereon, such objections present nothing for review on appeal.

7. *Specific Performance; Contract to Adopt; Defect.*—Where a child performs his part of an adoptive agreement, whereby he is to inherit from the adoptive father, his right to enforce the contract does not depend on the statutory regulation of the status, as it is a property right based upon an executed contract, notwithstanding the adoption is invalid for defects in the proceeding.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Joe S. Prince against J. G. Prince and others to enforce an adoptive contract or agreement made between the mother of complainant and one William T. Prince and wife. Decree for complainant, and respondents appeal. Affirmed.

For another branch of this case, see *Prince v. Prince, et al.,* 188 Ala. 559, 66 South. 27.

The bill of complaint shows in substance as follows:

That complainant's mother agreed with one William T. Prince and his wife that if they would so adopt complainant, then a few months old, that he would inherit their estate at their death, then she would give them the boy. Said Prince and wife took the boy with the agreement to adopt him and give him their name, so that he would inherit their estate at their death. In the attempted execution of this agreement, W. T. Prince executed and filed for record in the probate office in the year 1880, a declaration that: "I desire to adopt and do hereby adopt Simeon Jones, * * * so as to make him * * * capable of inheriting my estate, real and personal."

[Prince, et al. v. Prince.]

This instrument was witnessed, but not acknowledged before an officer, and for want of such acknowledgment was held insufficient to effectuate the intended adoption; such holding having been made in an ejectment suit between the parties in the case mentioned above. In all other respects the adoption was complete, and the relation of parent and child was initiated and preserved until the death of the adoptive father, who died shortly after the adoptive mother. During all this time defendant served his adoptive parents faithfully as a son, and by his labor much of the estate was accumulated or preserved.

The bill seeks a specific performance of the contract with respect to the investiture in complainant of the estate left by his said father, making the heirs at law of the said father respondents; it appearing that he died intestate. The evidence shows that, all during the life of the adoptive father, complainant was led to believe by his repeated declarations to complainant and others that complainant was his legally adopted son, and would inherit upon his death all of his estate.

ISBELL & SCOTT, for appellant.

HUNT & WOLFES, for appellee.

SOMERVILLE, J.—(1) By the weight of authority, and upon the soundest principles of equity, justice, and sound policy, it is held that, although a declaration of adoption is invalid by reason of its noncompliance with statutory requirements, yet where the actual parent, or some one in loco parentis, has surrendered the custody of the child to the adoptive parent, upon the mutual agreement that such child shall be adopted by and made the legal heir of the later, and this agreement is fully performed by the child, a court of chancery will decree

a specific performance of the adoption contract by such parent, his heirs or representatives, to the extent of investing in the child the whole or such part of the adoptive parents' estate as he would have been entitled to receive under the adoption contract if properly executed. —*Kofka v. Rosicky,* 41 Neb. 328, 59 N. W. 788, 25 L. R. A. 207, 43 Am. St. Rep. 685; *Wright v. Wright,* 99 Mich. 170, 58 N. W. 54, 23 L. R. A. 196; *Van Tine v. Van Tine* (N. J.) 15 Atl. 249, 1 L. R. A. 155; *Van Dyne v. Vreeland,* 11 N. J. Eq. 370; *Godine v. Kidd,* 64 Hun. 585, 19 N. Y. Supp. 335; *Burns v. Smith,* 21 Mont. 251 53 Pac. 742, 69 Am. St. Rep. 653; *Chehak v. Battles,* 133 Iowa 107, 110 N. W. 330, 8 L. R. A. (N. S.) 1130, 12 Ann. Cas. 140; *Hood v. McGehee* (C. C.) 189 Fed. 207; 1 R. C. L. § 28; 1 Cyc. 936.

(2) A distinction must, of course, be recognized between a mere agreement to adopt, and an agreement to make the child a beneficiary of property, either by heirship or by deed or testament. In view of this distinction, it is insisted, not only that the evidence fails to show a contract of adoption, but that, even if it does, it does not appear that it embodied any agreement by which complainant acquired any equitable interest in the estate of his adoptive father, and hence that there is no right shown which equity can or should enforce. It must be conceded that equity will not enforce a mere agreement to adopt, since, for the purposes of the relationship and its legal incidents, the requirements of the statute are clearly mandatory and exclusive.—*Prince v. Prince,* 188 Ala. 559, 66 South. 27.

(3) The decisive question, then, in this case, is whether the adoptive father agreed with complainant's mother, not only to adopt him, but also to make him the inheritor of his estate. There is no direct evidence to show what the agreement was, nor indeed that there was an ex-

plicit agreement. But "an adoptive paper, though not proven or recorded, so as to constitute a legal adoption, may be competent evidence of a contractual relation between the quasi adoptive parent and child."—1 Cyc. 937 (2); *In re Susman* (Orph. Ct.) 28 Pittsb. Leg. J. (N. S.) 101.

(4) Looking to the adoption paper filed by the decedent, it appears that his purpose was to make complainant capable of inheriting his estate. His conduct and declarations thereafter for 30 years uniformly show that he regarded complainant as his son and intended that he should be his heir, and he died without making any testamentary or other disposition of his estate that would defeat his own purpose and the expectations of his supposed son. Their relations were always affectionate, and their conduct mutually dutiful. The decedent was childless, a circumstance which gave peculiar emphasis to his plan and illuminated his declared intention. We are of the opinion that the evidence fairly supports by just implications the allegation of the bill that it was agreed between complainant's mother and the decedent that complainant should inherit the latter's estate at his death, a conclusion founded upon the highest judicial authority.—*Wright v. Wright,* 99 Mich. 170, 58 N. W. 54, 23 L. R. A. 196; *Van Tine v. Van Tine* (N. J.) 15 Atl. 249, 1 L. R. A. 155; *Burns v. Smith,* 21 Mont. 251, 53 Pac. 742, 69 Am. St. Rep. 665. The authorities above cited held that such performances of the agreement by the child as is here shown removes it from the influence of the statute of frauds. We need not notice that question, however, as the statute of frauds was not pleaded.

(5) So far as the demurrers are concerned, it does not appear that they were ever submitted to the chancellor, and no decree was rendered thereon. They must there-

fore be presumed to have been abandoned by the respondents.

(6) With respect to respondents' objections to evidence, it does not appear that they were brought to the attention of the chancellor, or that any rulings were made thereon. As to these there is, therefore, nothing to be reviewed. It may be remarked, however, that if any of the evidence offered was legally objectionable, it would not have affected the result, whether considered or not.

(7) As we view the case, it is of no consequence that the present statute (Code 1907, § 5202) permits either the child or the adoptive parent to *dissolve the relation* by petition to the probate court. Complainant's property rights are based on a contract executed by him, and are not dependent upon the filial status as made or unmade by virtue of the statute.

Let the decree of the chancery court be affirmed.

Affirmed.            .

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.