[Harrison v. Harrison, et al.]

# Harrison v. Harrison, et al.

### Injunction and Specific Performance.

(Decided December 21, 1916.   73 South. 454.)

1. **Specific Performance; Parol Agreement; Evidence.**—In order to warrant the specific performance of a parol agreement to convey lands the evidence must be such as to produce a clear conviction of the existence and terms of the contract as it is alleged.

2. **Same.**—The evidence in this case examined and held not to establish such an agreement with the requisite certainty to justify a decree effecting specific performance.

APPEAL from Tallapoosa Chancery Court.
Heard before Hon. W. W. WHITESIDE.
Bill by Carter B. Harrison against Ethel Harrison and others for an injunction, and to specifically enforce a parol contract to convey lands.  Judgment for respondents, and complainants appeal.  Affirmed.

BULGER & RYLANCE, for appellant.   GEORGE A. SORRELL, for appellee.

McCLELLAN, J.—On November 21, 1885, Martha J. Harrison owned and resided upon a tract of land near Alexander City. Joseph P. and C. B. Harrison were two of her children.  The former, with his family, lived on the land with his mother.  On that date she conveyed her land to her son Joseph in consideration of his promissory note for $500 due one year thereafter.  In 1890 he bought from E. B. Rainey a lot adjoining the land conveyed to him by his mother.  Joseph Harrison occupied and used these lands until he moved to Texas about the year 1904.  In July, 1897, he conveyed to his mother, for a recited consideration of $1, one acre of the land owned by him, on which she constructed a dwelling in which she resided at the time of her death.  On January 6, 1909, Joseph sold and conveyed to Dr. Street, a part of the land conveyed to him by his mother.  Joseph died in May, 1911, leaving a widow and several children surviving, the appellees.  Martha J. Harrison died testate in 1913; her son C. B. Harrison and his wife, the appellants, having recently thereto-

fore come to reside, at her instance, with her, and since her death have been in possession of the land, other than that sold by Joseph, which Martha J. Harrison had conveyed to him. In February, 1914, the widow and heirs of Joseph Harrison sued the appellants to recover the lands described in that complaint. This bill was filed to restrain the prosecution of that action. Its theory is that in 1908 Joseph Harrison, who had never paid anything on the $500 note he had given his mother in 1885 for the land described in her deed to him, agreed with his mother that, if she would surrender to him his unpaid note, he would, upon his return to Texas, his home, where his wife was, send his mother a deed conveying to her the lands he owned at or near Alexander City; that she then and thereupon gave him the unpaid note, but that he never complied with his agreement in any manner; that, while the legal title to the land was in the appellees, a perfect equitable title had passed to the appellants through the general devise to them in the duly probated will of Martha J. Harrison, deceased, of all real estate owned by her at the time of her death. The bill seeks the specific performance of the asserted agreement between Joseph P. and Martha J. Harrison. The controlling issue of fact in the cause is whether the agreement alleged was made and was executed on the part of Martha J. Harrison by the delivery to Joseph of his unpaid note upon his promise to convey the land to his mother when he had returned to his Texas home where his wife would join in the conveyance.

. The relief sought was denied on the facts; the learned chancellor expressing the opinion that the basis necessary to justify a decree effecting specific performance of a parol contract for the conveyance of land were not shown with the requisite certainty.

(1) In order to warrant the character of relief here sought the averments upon which it is predicated must be established "by clear and satisfactory proof. * * * The evidence must be such as to produce a clear conviction of the existence and terms of the contract as alleged."—*Whisenant v. Gordon,* 101 Ala. 250, 257, 13 South. 914, 915; *Jones v. Jones,* 155 Ala. 644, 47 South. 80; *Aday v. Echols,* 18 Ala. 353, 355, 52 Am. Dec. 225.

(2) The legal evidence bearing on the issue stated has been carefully considered. This court is not sufficiently satisfied that the agreement alleged to have been made, and in part effected, in 1908, was in fact made. There is evidence to the effect that it was made and acted upon by the

surrender of the note.   There is evidence to the contrary.
In this state of conflict in the testimony the inclina-
tion is strong, is inevitable, to turn for the better ascer-
tainment of the truth to the conduct of the parties both before
and after the agreement is alleged to have been made and in
part performed.   There is no evidence we have been able to
discover tending, even, to show that Martha Harrison called
upon Joseph to perform his alleged agreement to convey the land
to her upon his return to Texas.   Upwards of three years elapsed
between the time his note is said to have been delivered to him
by her in 1908 and his death in 1911.   Martha J. Harrison hav-
ing stipulated, as the appellants assert, for his delivery of a deed
to her, her failure to call for it, at least after a reasonable time,
cannot be attributed to ignorance on her part of the methods by
which lands may be conveyed.   It cannot be assumed in aid of
the establishment of the theory of appellants that she did request
him to make the conveyance to her.   If she made such a request,
and none is shown, her inaction for so long a time, pending
which (in 1909) Joseph P. Harrison sold and conveyed approxi-
mately 15 acres of the land to Dr. Street, a fact of which Martha
J. Harrison could not have remained ignorant for any reasonable
period thereafter, is due to be accorded a large influence in
deciding the controverted issue—an influence against the proba-
bility that any such agreement was made, and that it was, on
her part, completely effected by her delivery of the note.   She
seems to have carried on a correspondence with Joseph up to
his death and to have entertained a natural affection for him.
Her last letter to him, written shortly before his death and refer-
ring to his illness, evinced no mental impairment which would
invite an assumption that she had forgotten his alleged failure
to deliver the deed to his mother.   Under the circumstances it is
not at all reasonable that, had the alleged agreement been made
and at the time fully performed on her part by the delivery of
the note to Joseph, she would have remained silent in respect
of his asserted failure to send the deed to her.   If it be assumed
that the income from Joseph's land (up to 1908) did not go to
his mortgage at Alexander City or for taxes, his income (up to
1908) went by his consent to her benefit, and, nothing to the
contrary appearing, is to be attributed to worthy motives on the
son's part.   If in consequence of his direction she received, as
she did, the income from the remaining land and used it for her

:support after the time (in 1908) the asserted agreement to re-
·convey was made, that course itself was not inconsistent with the
practice prevailing before 1908 and after Joseph removed to
Texas.   It is more reasonable, under the whole evidence, to
attribute the receipt and use by the mother of the income from
the land, both before and after 1908, to filial care and provision
than to the notion that by parol agreement a complete change in
·ownership had been effected.   There is nothing in the will of
.Mrs. Harrison which is general in its provisions to reflect upon
·the conclusion attained by the chancellor.

Not being convinced that error affects his judgment on the
.stated issue of fact, the decree must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.