(76 South. 295)

HARRISON v. HARRISON. (5 Div. 671.)

(Supreme Court of Alabama. June 14, 1917.)

ESTOPPEL ☞68(2)—CHANGE OF CLAIM IN JUDICIAL PROCEEDINGS.

One, after unsuccessfully maintaining suit to enjoin ejectment against him, on the ground of an equitable title only, and for specific performance of an oral contract for the land, cannot, in the ejectment action, assert title by adverse possession perfected at the date of bill.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 166, 169.]

Appeal from Circuit Court, Tallapoosa County; Lum Duke, Judge.

Action by Corine Harrison against C. E. Harrison. Judgment for plaintiff, and defendant appeals. Affirmed.

Bulger & Rylance, of Dadeville, and W. R. Whatley, of Alexander City, for appellant. Geo. A. Sorrell, of Alexander City, for appellee.

McCLELLAN, J. This appeal involves the action of ejectment particularly referred to

in the litigation, between the same parties and concerning the same land, in Harrison v. Harrison, 73 South. 454–456.[1] It is the action of ejectment, the prosecution of which in the court of law was enjoined, pending the hearing and disposition of the bill for specific performance considered and determined in Harrison v. Harrison, supra. In that bill, upon the averments of which the temporary injunctions issued, it was averred:

"Orators charge and aver that the equitable title to said land is in orators, and that they are entitled as a matter of equity to hold, own, and occupy the same; that the legal title to said land is in the plaintiffs to said suit in the circuit court; that orator is unable to defend against said legal title, and that the intervention of the court of equity is necessary, that he may retain his rightful possession to said land, and that it is right and equitable that they have this honorable chancery court to grant an injunction in their favor and against all of the plaintiffs in said suit pending in said circuit court in Alexander City, and that they be enjoined from further prosecuting said suit in said circuit court; that orators may have the opportunity to have this honorable court of chancery to pass upon their rights in this case."

Upon the affirmance by this court of the decree of the chancery court in that cause, whereby relief was denied, the injunction was dissolved and the bill dismissed. The trial of the ejectment suit came on; and the defendants sought to assert, in defeat of the legal title admitted in the quoted paragraph of the bill, title by adverse possession of 10 years or more. The court held, in effect, that they were concluded—estopped—by the matters of assertion and admission presented and present in the cause in equity (73 South. 454–456 [1]), according to the plaintiffs in the ejectment suit the possession of the legal title at the time the bill in equity was filed.

The effort to defeat the legal title of the plaintiffs in the action of ejectment through the assertion of adverse possession, perfected by the date the bill in equity was filed, was, necessarily, a contradiction of the confessed then investment of the legal title in the plaintiffs in the ejectment suit at the time the bill in equity was filed. In other words, the equity of the bill to restrain the prosecution of the ejectment suit was predicated of averments whereby the claim was made of an equitable title only, and the existence of the legal title to the land in the respondents in the equity cause was confessed. According to well-recognized principle, the defendants in the ejectment suit were not entitled to take and to assert a status of fact in the ejectment suit that, in order to invest their bill with equity to enjoin the prosecution of the ejectment suit, was immediately contradicted by the deliberately made averments of their bill in equity concerning the same land. The benefit and advantage accruing to the complainants in consequence of these material averments of the bill in equity, and the corresponding disadvantage and enforced delay thereby imposed upon the plaintiffs to exercise their otherwise undoubted right to have a trial of their action at law, afforded the essential elements of a well-founded estoppel. The principle is recognized in the following of our decisions: Hodges v. Winston, 95 Ala. 514, 11 South. 200, 36 Am. St. Rep. 241; Caldwell v. Smith, 77 Ala. 157, 165; Brown v. French, 159 Ala. 645, 648, 49 South. 255; Millitello v. Roden Grocery Co., 190 Ala. 675, 683, 685, 67 South. 420. The application of the principle cannot be averted by reason of the fact that the bill in equity was to enforce an asserted specific performance of a contract to convey this land, or by reference to the further fact that the adverse possession sought to be availed of in the action of ejectment was not considered or decided in the cause in equity. The estoppel recognized and applied is predicated of the deliberate acts of these parties, working advantage to them at the time and disadvantage to the plaintiffs in this ejectment suit, for the same land, and not, in any primary sense, the actual adjudication made in their cause in equity.

The case of Harper v. Campbell, 102 Ala. 342, 14 South. 650, cited on the brief for appellants, is without application to the question here involved. In its rulings the trial court gave appropriate effect to the indicated principle of estoppel. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.