(113 So. 15)

## MANTLE LAMP CO. OF AMERICA v. MERRILL. (6 Div. 878.)

Supreme Court of Alabama. May 12, 1927.

1. Executors and administrators ⊕75—Administrator of insolvent estate holds property in trust for creditors.

Administrator of an insolvent estate holds property in trust for creditors.

2. Estoppel ⊕9 — Decedent's sworn answer that property belonged to wife did not estop administrator from claiming property.

Administrator of insolvent estate was not estopped by decedent's act in filing sworn answer in plaintiff's suit that property belonged to wife.

3. Husband and wife ⊕129(4)—As to creditors, selling stock to husband as owner of store, husband was such owner; no notice of wife's claim of ownership appearing as to them.

Where creditors sold stock to husband as owner and proprietor of grocery store, he was such owner as to such creditors; no notice of wife's claim of ownership of business appearing as to them.

4. Executors and administrators ⊕59—Burden was on plaintiff, having judgment against wife, to show title in wife to property in possession of husband's administrator when levied on.

Where property was in possession of husband's administrator when levied on, burden was on plaintiff, having judgment against wife, to show title in wife, good as against administrator and those he represented.

5. Executors and administrators ⊕59—Sworn answers, denying husband's ownership of property, failed to meet plaintiff's burden to show title in husband's administrator as against creditors of estate.

Sworn answers of husband and wife, in plaintiff's suit, that business belonged to wife, not to husband, failed to meet burden of plaintiff, who obtained judgment against wife, to show title in wife of stock in husband's administrator's possession as against creditors of estate.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Claim suit between the Mantle Lamp Company of America and F. A. Merrill, as administrator of the estate of W. H. Stribling, deceased. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

J. D. Acuff, of Jasper, for appellant.

Counsel discusses the questions raised, but without citing authorities. ·

Arthur F. Fite, of Jasper, for appellee.

Any estoppel that might have operated against W. H. Stribling because of answers filed in the original suit, such estoppel does not apply as against creditors of his estate nor against his administrator. 21 C. J. 1182.

BOULDIN, J. The Mantle Lamp Company of America brought suit against W. H. Stribling and S. A. Stribling, husband and wife, doing business under the firm name of Busy Bee Grocery Company. Statutory interrogatories were filed to defendants, both of whom answered, May 20, 1925, that Busy Bee Grocery Company was not a partnership; that S. A. Stribling was doing business in that name, "and was and is the sole owner thereof." Thereupon plaintiff amended the complaint, striking out W. H. Stribling as defendant, and proceeded to judgment against the wife.

Execution was issued and levied upon a portion of the stock of goods March 12, 1926. The stock was at the time in the possession of the administrator of the estate of W. H. Stribling, then deceased. The administrator interposed a claim to the stock levied upon. A trial of the right of property resulted in judgment for claimant. Plaintiff appeals.

The evidence for plaintiff further showed that W. H. Stribling, about 10 years before, had prepared a bill of sale or gift to his wife, and, when making his sworn answer to the interrogatories, advised his attorney he had executed it, and the answer was filed accordingly.

Evidence for the administrator went to the effect that, two days prior to filing this affidavit, W. H. Stribling had given an order for goods in the market, signed "Busy Bee Grocery Company, by W. H. Stribling, Proprietor"; that orders were given from time to time for goods which went into the stock, purchased in the name of the company, by W. H. Stribling, or W. H. Stribling, proprietor; that on his death his administrator took possession of the business as assets of his estate, and proceeded to administer same through the circuit court in equity.

The evidence for claimant in the main consisted of orders and statements of account filed in the course of administration, all admitted by agreement, subject to objection only as to their probative force. By this we assume the parties intended to save the costs of taking depositions to prove the facts disclosed by these orders and statements, and will be treated as if the same facts were regularly proven. It was proven the estate of W. H. Stribling was insolvent, and had been so judicially declared when motion for a new trial was heard.

Without question, the sworn answers of W. H. Stribling and wife would estop both to deny ownership of this stock by the wife. The claim of exemptions by the widow out of this property, in the course of administration, could furnish no evidence to overcome such estoppel.

[1, 2] But the administrator of an insolvent estate holds the property in trust for creditors. He is no more estopped by the act of the decedent than those he represents.

[3] As to creditors selling this stock to W. H. Stribling as owner and proprietor, he was such owner; no notice of other claim appearing as to them.

[4] The property being in the possession of the administrator when levied upon, the burden was on plaintiff to show title in the wife, good as against him and those he represented.

[5] There is no evidence that the wife ever had any active possession or management of the business, or that she was ever held out as owner of the business to persons dealing with it. So far as the evidence goes, W. H. Stribling was actively conducting it as his own. The sworn answers in the suit brought by plaintiff fail to meet the burden as against creditors of the estate.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.