(126 So. 635)

## MARIETTA v. FAULKNER et al.

3 Div. 904.

Supreme Court of Alabama.

Jan. 23, 1930.

Rehearing Denied March 20, 1930.

Gipson & Booth, of Prattville, for appellant.

Eugene Ballard, of Montgomery, for appellees.

SAYRE, J.

At fifteen or sixteen years of age appellant, complainant in the court below, was an orphan. Mrs. Faulkner was an invalid without children. She and her husband took Alva, as the witnesses refer to appellant, into their home where she remained for fifteen years and until her marriage to Marietta. Alva helped about the home, and the evidence leaves no room for doubt that she was a great comfort to her foster parents. For the purposes of this cause it will be conceded that the common understanding between appellant and her foster parents was that appellant would inherit their property at the death of the parents. Mrs. Faulkner died seized and possessed of certain real property and now the contest is between the foster child and the heirs at law of Mrs. Faulkner. By her bill, appellant sought a decree establishing

her status as "sole legatee and heir"—as the prayer of the bill puts it—of the deceased Bettie A. Faulkner, Mrs. Faulkner to whom we have referred. Mrs. Faulkner left no will, nor was there at any time an effort to meet the conditions for the adoption of children prescribed by section 9302 of the Code of 1923. The circuit judge, sitting as chancellor, on hearing the pleading and proof, denied relief and dismissed appellant's bill.

Appellant's case carries a strong appeal to sympathy; but we have been unable to find adequate support for it in law or equity. In Prince v. Prince, 194 Ala. 455, 69 So. 906, 907, the mother of complainant in that case had agreed with the Princes, man and wife, that she would give them the child, then only a few months old, on consideration that he should inherit their estate at their death. In an effort to confer legal sanction upon that agreement, the man executed and filed for record his declaration that he did thereby adopt the child "so as to make him * * * capable of inheriting my [the man's] estate, real and personal." Citing the decision of this court on a former appeal (Prince v. Prince, 188 Ala. 559, 66 So. 27), this court said: "It must be conceded that equity will not enforce a mere agreement to adopt, since, for the purposes of the relationship and its legal incidents, the requirements of the statute"—5202 of the Code of 1907, reproduced without change in 9302 of the present Code—"are clearly mandatory and exclusive." In the present case, as we have heretofore stated, there was no declaration in writing, no effort to comply with the requirements of section 9302. Appellant must, therefore, of necessity find sanction for her contention in the common law of equity, so to speak.

Recurring to Prince v. Prince, 194 Ala. 455 69 So. 906, the claim of the adopted child in that case to inherit from the adoptive father was sustained on the ground of contract. based upon adequate consideration by and between the adoptive parent and the natural lawful mother of the child, the consideration moving to the adoptive parent being the love and service of the child throughout a period of many years. So far as concerns judicial authority, the decision in that case depended upon the authority of cases from other jurisdictions, viz. Wright v. Wright, 99 Mich. 170, 58 N. W. 54, 23 L. R. A. 196, VanTine v. VanTine (N. J. Err. & App.) 15 A. 249, 1 L. R. A. 155, and Burns v. Smith, 21 Mont. 257, 53 P. 742, 69 Am. St. Rep. 665, and that notwithstanding the admitted mandatory and exclusive requirements of section 9302 of the Code of Alabama.

In Prince v. Prince, 194 Ala. 455, 69 So. 906, the court noted the fact that the statute of frauds was not pleaded. Here the property which appellant would claim, if her heirship were established by decree, is real estate. The statute is pleaded and, moreover, appellees call attention to the fact that appellant was at the time of her informal adoption a minor, and the facts on which these matters of defense are founded appear in the evidence without dispute. We have heretofore noted the fact that there was no effort to comply with the statute, section 9302 of the Code. There was no contract in writing nor, for that matter, was there evidence of anything in the way of other form of contractual engagement more definite than a common understanding that Mrs. Faulkner and appellant stood to each other in the relation of mother and child. We have found no means of avoiding the conclusion that the decree under review was framed in agreement with the law of this state. As to the alleged adoption we cite Prince v. Prince, 188 Ala. 559, 66 So. 27; as to the statute of frauds we cite Manning v. Pippen, 95 Ala. 537, 11 So. 56—these being the precedents controlling the decree in the court below.

Decree affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.