(127 So. 844)

## CYPRESS v. GREEN.

### 6 Div. 518.

Supreme Court of Alabama.

April 10, 1930.

66

Davis & Curtis, of Jasper, for appellant.

L. D. Gray, of Jasper, for appellee.

GARDNER, J.

The parties to this suit were formerly husband and wife. Following decree of divorce in favor of the wife, the husband instituted this action for money had and received.

Plaintiff's contention appears to be that defendant received the money from him merely to keep until he had need therefor, and defendant insists it was a voluntary and absolute gift. So much is gathered from the pleadings, from an adverse ruling of which plaintiff prosecutes this appeal.

■ We agree that the matter of plea 3 is presented under the plea of the general issue, also pleaded, and therefore any ruling on demurrer to said plea is entirely harmless.

■ Appellee argues the ruling on demurrer to plea 4 upon the assumption it discloses a gift and transfer of the title to the money from plaintiff to defendant, and seeks to invoke the principle recognized in Perkins v. Perkins, 206 Ala. 571, 91 So. 256; Baird v. Howison, 154 Ala. 359, 45 So. 668; Williams v. Higgins, 69 Ala. 517; 27 C. J. 651. But construing the pleading most strongly against the pleader and considering the weakest alternative of the plea, it discloses a mere transfer of the money to defendant in the nature of a bailment with no intent to pass the title. In such event, as stated in 27 C. J. 658, the principle of the above-noted authorities "has no application * * * where the debtor never in any sense parted with his ownership and right to the property claimed to have been conveyed, as in the case of leases and bailments." The case of Block v. Darling, 140 U. S. 234, 11 S. Ct. 832, 35 L. Ed. 476, cited in the note, is directly in point, and the holding expressed in the headnote as follows: "Money deposited by the plaintiff with the defendant,

in order to cheat and defraud plaintiff's creditors, may be recovered back by him." The court further said: "The plaintiff's suit to compel the return of the money may be regarded as one in disaffirmance of the arrangement under which the defendants claimed to have received it; and, if successful, would tend to defeat the alleged purpose of defrauding his creditors by having it kept upon secret deposit with the defendants." See also in this connection Giddens v. Bolling, 93 Ala. 92, 9 So. 427.

It follows, from the construction of the plea as above indicated, that the fourth assignment of demurrer pointing out this defect was well taken and that the demurrer to said plea should have been sustained.

The following principle found stated in 21 Corpus Juris, 1228, has been given frequent application by decisions of this court: "A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party." Harrison v. Harrison, 200 Ala. 379, 76 So. 295; Yarbrough Turpentine Co. v. Taylor, 201 Ala. 434, 78 So. 812; Wooddy v. Matthews, 194 Ala. 390, 69 So. 607.

We are of the opinion plea 6 sufficiently meets the requirements of the above-noted rule, showing a position taken by plaintiff in the divorce suit inconsistent with his present claim for the money, and as to which this defendant was mislead to her prejudice. There was no error in the court's ruling on this plea.

Replication 4 was not a sufficient answer to plea 6. It discloses that in answer to that part of the divorce proceedings seeking alimony the husband, clearly intended as an avoidance of such demand, alleged that the wife "had every cent of money in the world he had," thus indicating his helpless condition so far as any available assets were concerned. The plea sets up that this defendant was mislead thereby and made no further effort to obtain alimony on account thereof. The replication seeks to restrict the clear meaning of the answer, but of course this cannot be done, as its own reasonable interpretation must suffice. Nor is it material that proof was not offered in this respect.

The case of Mantle Lamp Co. v. Merrill, 216 Ala. 170, 113 So. 15, is readily distinguishable from the instant case, and merely applied the doctrine of the authorities noted in 21 Corpus Juris, 1182.

There was no error in sustaining demurrer to replication No. 4.

For the error indicated in the ruling on demurrer to plea 4, the judgment must be reversed. It is so ordered.

. Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.