192 So. 586

## GLASSCOCK et al. v. KELLEY et al.

### 5 Div. 302.

Supreme Court of Alabama.

Dec. 21, 1939.

Lawrence F. Gerald, of Clanton, for appellants.

Reynolds & Reynolds, of Clanton, for appellees.

594

ANDERSON, Chief Justice.

Bill in equity of the widow and a minor girl claiming to be the adopted child of Andrew Jackson Glasscock, deceased, to set apart the homestead under the statute, and for other purposes hereinafter discussed.

■ The bill avers that the widow applied to the probate court to set aside the homestead exempt to her, which was less in value and area than the law allowed, and that she be vested with the fee, as the decedent left children and heirs at law. The bill also charges that her petition was granted and she was awarded the exemption and a fee title. The bill, however, avers that the decree of the probate court was invalid because the record did not disclose that there was no administration for sixty days as was a condition precedent to the proceedings. The proceedings in the probate court are set out as exhibits to the bill of complaint and show on the face thereof the want of this jurisdictional fact. Hynes et. al. v. Underwood et al., 191 Ala. 90, 67 So. 994; Miller et al. v. Thompson et al., 209 Ala. 469, 96 So. 481. This judgment or decree being void on its face, there was no need or authority to resort to a court of equity for the cancellation of same. The probate court could expunge the decree from its records at any time. Hynes v. Underwood, supra. So too was the probate court open to this widow to have the homestead set apart, and having an adequate remedy in the probate court she had no right to resort to a court of equity.

■ The child or minor sought to set the decree aside, notwithstanding the bill charges it was coram non judice, because of fraud on the part of the widow in failing to mention her as a minor child of the deceased at the time of his death, evidently endeavoring to bring the bill within the influence of Keenum, et al. v. Dodson, et al., 212 Ala. 146, 102 So. 230, but in that case the record of the probate court did not disclose the invalidity of the decree and the charge of fraud was predicated upon the failure of the petition of the widow to disclose that the decedent left a minor child. Here, the probate record was void on its face and the charge that the widow represented the fact that the decedent left no minor child or children is shown by the bill of complaint not to be false as the bill shows that the decedent left no minor child of the blood and that the effort to show that the complainant was an adopted daughter failed. The attempted adoption did not conform to the statute. Prince et al. v. Prince, 194 Ala. 455,' 69 So. 906; Johnson v. Long et al., 236 Ala. 126, 181 So. 120.

■ The complainant, Eileen Kelley, seeks in the alternative the specific performance of the contract of adoption. As stated in our case of Prince et al. v. Prince, 194 Ala. 455, 69 So. 906, 907: " By the weight of authority, and upon the soundest principles of equity, justice, and sound policy, it is held that, although a declaration of adoption is invalid by reason of its noncompliance with statutory requirements, yet where the actual parent, or some one in loco parentis, has surrendered' the custody of the child to the adoptive

parent, upon the mutual agreement that such child shall be adopted by and made the legal heir of the latter, and this agreement is fully performed by the child, a court of chancery will decree a specific performance of the adoption contract by such parent, his heirs or representatives, to the extent of investing in the child the whole or such part of the adoptive parent's estate as he would have been entitled to receive under the adoption contract if properly executed."

It must be observed that the "agreement must be fully performed by the child." The present bill of complaint falls short of this rule as it at best charges only a partial performance.

The bill of complaint was without equity from any aspect and, as to both of the complainants, the demurrer should have been sustained.

As to whether complainant, the widow, has by her conveyance of the land waived or estopped herself from now having the homestead set apart under the authority of some of our decisions, or the facts do not bring this case within the influence of same, we need not decide as that is a question to be determined if and when the widow seeks to have the homestead set apart in the proper forum. "Sufficient unto the day is the evil thereof."

The decree of the circuit court is reversed and one is here rendered dismissing the bill of complaint without prejudice.

Reversed and rendered.

THOMAS, BROWN, and FOSTER, JJ., concur.