13 So.2d 179

**LE FURGEY v. BECK et al.**

**7 Div. 714.**

Supreme Court of Alabama.

March 11, 1943.

Rehearing Denied May 13, 1943.

282

H. L. Anderton, of Birmingham, for appellant.

Scott & Dawson, of Ft. Payne, for appellee Beck.

BOULDIN, Justice.

The appeal is from a decree sustaining demurrers to a bill in equity, as amended. Pending the administration of the estate of J. P. Stanley, deceased, in equity, appellant, by leave of the court, filed a bill of intervention, with a view to establish

her claim as sole heir at law of decedent, entitled to inherit the estate.

The proceeding may be termed a bill in the nature of a bill for specific performance of a parol contract entered into in 1912 between the decedent and persons standing in loco parentis to complainant, then eleven years of age, having neither father nor mother living, by which contract the deceased agreed to adopt complainant, and have her inherit his estate as an adopted child. The bill, by quite full averments, discloses that complainant was taken into the family of decedent, treated by decedent and wife as their child, called their daughter, introduced and held out as their daughter; and that complainant. on her part, fully performed all the filial duties incident to the relation of parent and child until her marriage in 1919. It is further averred that for a few years after marriage, the family relation was continued, during which complainant's first child was born; that the child was loved and called a granddaughter, etc. Other averments are to the effect that after the removal of complainant with husband and family to another county, the affectionate relations continued, etc.

Two separate demurrers were interposed, one by respondent, W. M. Beck, one time administrator of the estate of J. P. Stanley, deceased; the other by respondent, H. R. Stanley, a nephew, the next of kin, and admittedly the sole heir unless complainant be awarded the estate as an adopted daughter, or entitled to inherit as an adopted daughter under the facts alleged.

The decree sustained both demurrers in one decree.

We consider, first, the demurrer interposed by the heir, H. R. Stanley, the respondent, whose real interest is involved. The demurrer challenges the bill on the ground that the statutory method for adoption of children by written instrument, duly acknowledged and recorded, is exclusive; that a parol contract to adopt a child is, therefore, void and unenforcible; on the further ground that as to real estate such contract is void under the statute of frauds; on the further grounds that the suit is barred by the statute of limitations, the rule of repose against stale demands, and laches disclosed on the face of the bill.

Much argument is addressed to these several questions. The holdings of this court in Prince v. Prince, 194 Ala. 455, 64 So. 906; Marietta v. Faulkner, 220 Ala. 561, 126 So. 635; Rivers v. Rivers, 240 Ala. 648, 200 So. 764; Prince v. Prince, 188 Ala. 559, 66 So. 27, and Manning v. Pippen, 95 Ala. 537, 11 So. 56, are much discussed with divergent views. Complainant presents at length the holdings of other courts. For present purposes we call attention to a general discussion of contracts to adopt children followed by full performance, etc., found in 2 C.J.S., Adoption of Children, § 26, p. 394, et seq., 1 Am.Jur. 629, et seq.

We deal first with still another ground of demurrer challenging the right of this complainant to come into equity to litigate the matters set up in her bill. The final amendment to the bill contains the following averments:

"Heretofore and for more than two years prior to the filing of this bill of intervention, other phases of the estate of J. P. Stanley deceased, have been adjudicated in the Courts of Alabama, the said adjudications having related to the probate of an alleged will of the said J. P. Stanley, deceased, and the adjudications relative to the probate of said will having been concluded in said Courts on March 6, 1941, less than three months before said bill of intervention was filed.

"Petitioner shows to the Court that although the validity of said will was decided against her she pursued her legal rights in attempting to establish said will and did so honestly and as expeditiously as the laws and rules of the Courts would permit.

"Petitioner further shows to the Court that she filed her bill of intervention within a seasonable time after the final adjudication of said will contest and that her insistence on the validity of said will did not in any way vitiate or destroy her rights, if any, as the heir of the estate of J. P. Stanley, deceased.

"Petitioner further shows to the Court that within to-wit, sixty days after the contest of said alleged will was begun, petitioner and her husband advised with her then attorneys relative to proceeding at once with an intervention to establish her rights to the property of J. P. Stanley as his legal heir but were advised by their attorney that only one phase of the controversy could be adjudicated at one time and were advised by said attorneys to wait for filing said intervention until the contest of the will was completed."

These averments, it appears, were designed to avoid the imputation of laches and estoppel raised by demurrer to the bill as theretofore amended.

Additional and special demurrers addressed to the bill as last amended read:

"A. Said bill as last amended shows upon its face that the complainant is estopped to file the bill now appearing in this cause.

"B. Said bill, as last amended, sets forth that the complainant has been a party to certain litigation in the probate court of DeKalb County, and the DeKalb County Court of said county in which she attempted to probate an alleged will of J. P. Stanley, deceased, in which will she was made a beneficiary and the probation of which said will was contested by H. R. Stanley, who based his contest upon the fact that he was the sole heir of J. P. Stanley, deceased, a fact which was admitted by the complainant, and the complainant is now estopped to say in this litigation that she is the adopted daughter of J. P. Stanley."

■ These pleadings bring to our attention and invoke the rule that this court takes judicial notice of the records of this court dealing with the former litigation referred to, and deal with the demurrer in the light of such judicial knowledge. Cogburn v. Callier, 213 Ala. 38, 104 So. 328; Crowson v. Cody, 215 Ala. 150, 110 So. 46.

After the death of J. P. Stanley, this complainant presented and caused to be propounded for probate an alleged will in which she and her child were large beneficiaries. H. R. Stanley, admittedly the heir at law of decedent, contested the alleged will on the ground of forgery. A long litigation followed resulting in a final judgment for the contestant. Appellant was a subscribing witness to that document, and as a witness to a will testified to its genuineness, etc. That litigation was twice here on appeal. See Stanley v. Sawyer, 237 Ala. 515, 187 So. 425; Sawyer v. Stanley, 241 Ala. 39, 1 So.2d 21.

■ The final judgment was conclusive that the instrument was a forgery. The record sufficiently set out in the decision in Stanley v. Sawyer, supra, makes clear that litigation was not in good faith. As a matter of judicial knowledge, we must now hold the averment to that effect in the instant bill has been conclusively determined otherwise. The litigation was between the same parties, dealt with the same subject matter, namely, who should take the property of the etate of J. P. Stanley, deceased.

■ It is not a case of election of remedies in the ordinary sense, an election between two existing but inconsistent remedies; nor is it a case of mistake of fact touching property rights. It is a case of using the courts, and subjecting the other party to long litigation in an effort to establish a fraudulent, simulated claim. The instant proceeding is entirely inconsistent with the former touching the relation of both parties to the estate involved. In the former Stanley was presented as the heir at law, complainant as beneficiary in a will. In the instant case complainant claims as sole heir at law and Stanley is alleged to have no such relation. Inconsistent positions in different litigations, where the party failed of benefit from the former position, through mistake of fact, or mistake as to rights of property in certain cases, does not ordinarily estop the party from asserting the true facts. This is quite different, in principle, from setting up a fraudulent claim on simulated facts, burdening the other party with long delay in the enjoyment of property rights, admittedly his in that proceeding, but for the fraudulent claim asserted, and the burden of protracted litigation to defeat the fraudulent claim, to be followed by suit in equity founded on another and conflicting state of facts, all known to complainant from the beginning.

The demurrer, viewed as we must, in the light of judicial knowledge touching the former proceeding, is to be considered according to its substance and effect.

■ Estoppel is a term of wide implication, and may be employed where, in equity and good conscience, the mouth is closed by guilty silence, while prosecuting a fraudulent claim on a wholly inconsistent state of facts, with full knowledge of all the facts, or where he is shut out by the maxim, "He who comes into equity must come with clean hands." 16 Am.Jur. 600-1. Cases similar to this in detail, we have not found. 'Tis not strange this should be.

We are of opinion the demurrer above set out was well taken.

We think this view is expressive of sound principle, and public policy, and supported by our cases of Harrison v. Harrison, 200 Ala. 379, 76 So. 295, and Cypress v. Green, 221 Ala. 64, 127 So. 844. See 31 C.J.S., Estoppel, pp. 386, 390, § 121; 30

C.J.S., Equity, p.. 475 et seq., § 93, § 95, § 98a, b, c, d.

■ Public policy forbids the use of the courts of the land to put over a fraudulent scheme, and failing therein, prosecute another suit involving the same subject matter with the same party, founded on a conflicting state of facts known to complainant all the while. Authorities, supra.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.