45 So.2d 32

### LUKER v. HYDE et al.
### 8 Div. 541.

Supreme Court of Alabama.

March 2, 1950.

John W. Brown and H. G. Bailey, of Boaz, for appellant.

Scruggs & Scruggs, of Guntersville, for appellees (original complainants.)

R. G. Kelton, of Oneonta, for appellees (original respondents other than appellant).

FOSTER, Justice.

This is a suit filed by tenants in common for a sale of land for partition, alleging that appellant claims some right, title or interest, and seeking to have that claim determined.

 This procedure is pursuant to the authority of our statute, section 189, Title 47, Code. Grisham v. Grisham, 251 Ala. 340, 37 So.2d 177. Appellant's claim is presented in a cross bill. A demurrer was sustained to the cross bill as finally amended and she appeals. By that cross bill she seeks to establish her right as an adopted daughter of Emma Snead, deceased, to inherit from her. The land in question was owned by James E. Snead who died leaving a will devising it to his wife, Emma Snead, and she died intestate shortly thereafter. Appellant claims the land by virtue of having been adopted by James E. Snead and his wife, Emma Snead.

The cross bill alleges that this occurred in 1889, when appellant was six weeks old, after her mother died, and by an arrangement between James and Emma Snead with her father. In pursuance of which she became in all respects the child of the Sneads, who took care of her and reared her and she became subject to them as their child, and is alleged to have performed the duties of such until she married in 1915 when she left their home. She alleges in the cross bill that the adoption was by a written instrument signed by James E. Snead and Emma Snead, whereby they declared their desire to adopt and did adopt her as their child, and therein declared further that her name was Lillie

Miller, that she was then some six weeks of age and a female, and was thereafter to take the name of and to be known and called Lillie Snead and was to inherit their property at their death, respectively. That said written instrument was attested by two witnesses and acknowledged before the judge of probate of Blount County, and was filed for record and recorded in the office of the judge of probate of Blount County in the minutes of said court. But that said record of said adoption has since disappeared or has been lost or destroyed and, after a most diligent search, she has been unable to locate the record or to locate the original or a copy of the instrument of adoption. That prior to the year 1919 such records are in a chaotic state in Blount County; that the county seat was at Blountsville when the instrument was recorded and that it was moved to Oneonta about the year 1892, when the records of said county were removed to that place and they were thereby subject to confusion and the hazard of loss or destruction. Much is alleged in the cross bill as to the details of the treatment accorded her by the Sneads as their adopted child, which are not material to the inquiry. The cross bill prays that the court adjudge and decree that she is the legally adopted daughter of Emma Snead and entitled to inherit the property involved in this litigation.

The Sneads had no other children. The other parties to the suit claim the land as collateral next of kin.

The cross bill also seeks in the alternative to have a specific performance of the contract to adopt appellant as the child of James E. and Emma Snead.

Since it is alleged that the adoption was entered into by the Sneads in 1889 the legality of it is controlled by section 2367 of the Code of 1886, which requires an instrument in writing, attested by two witnesses, setting forth the name, sex and age of the child and the name they wish it thereafter to be known and to be acknowledged by the declarant before the judge of probate of the county of his residence and filed and recorded in the minutes of the probate court, which, when done, has the effect of making the child capable of inheriting such estate of declarant.

A copy of the instrument is not attached because of the allegation that the record of it has been lost or destroyed together with the instrument itself and there is no existing copy of it. But the cross bill alleges facts essential under the statute to constitute a legal adoption and the loss of the record does not militate against its legal effect. The difficulty is in proving its execution and record, all of which are essential to a legal adoption.

The insistence is made that the legality of the adoption insofar as it affects the estate of Emma Snead is controlled by the case of Abney v. De Loach, 84 Ala. 393, 4 So. 757. In that case there was an adoption by a man and his wife in compliance with the particular section of the Code with which we are dealing here. That agreement was entered into in May 1883, and while it was before the Code of 1886, the same provision existed in the Code of 1876. So that the adoption in that case was prior to the Married Woman's Act of Alabama of February 28, 1887. Previous to the enactment of the 1887 Act, supra, a married woman in this State had no right to make a valid contract to bind either her real or personal property and could not be sued at law in an action ex contractu. McAnally v. Alabama Insane Hospital, 109 Ala. 109, 113, 19 So. 492, 34 L.R.A. 223, 55 Am.St.Rep. 923. Under the Act of 1887, supra, she was given such legal capacity to contract in writing as if she were sole with the consent or concurrence of her husband expressed in writing. That provision of the law went into the Code of 1886 as section 2346 and was therefore operative at the time of the alleged adoption in 1889 in the instant case, but was not operative in 1883 at the time involved in the case of Abney v. De Loach, supra. In that case the Court treated the signature of the wife to the adoption proceeding as being unauthorized and merely surplusage and that it did not vitiate the act of the husband who was *sui juris*. But under section 2346 of the Code of 1886, that principle does not apply here since this instrument was alleged to be in writing

and having been joined by the husband with the wife, the husband's consent or concurrence sufficiently appears in writing.

So that there is no difficulty according to the allegations of the cross bill in respect to the validity of the adoption proceedings of this appellant. But the difficulty may be in proving the allegations of her cross bill.

The cross bill, as we have stated, prays in the alternative for a specific performance of the agreement of adoption. There would be no occasion for a specific performance if the instrument was .executed and recorded, as alleged in the cross bill. We assume the alternative relief is sought upon the theory of a possibility that the proof may not sustain all the requirements of section 2367, Code of 1886, but would be sufficient to prove a valid agreement for adoption. Our cases have recognized the right to the specific performance of a contract to adopt or of adoption which has the elements of a contract and when it is not invalid by reason of the statute of frauds, but is not a full compliance with the adoption statute.

The proceedings in the instant case show that the question is with respect to the title to land and, therefore, the statute of frauds must be complied with in order to have a decree of specific performance. Marietta v. Faulkner, 220 Ala. 561, 126 So. 635; Benefield v. Faulkner, 248 Ala. 615, 29 So.2d 1; Le Furgey v. Beck, 244 Ala. 281, 13 So.2d 179; Prince v. Prince, 194 Ala. 455, 69 So. 906.

The cross bill does not make alternative allegations upon a contingency that if the written instrument of adoption does not comply with section 2367 of the Code of 1886, nevertheless it contains the elements of a contract complying with the statute of frauds. The cross bill is specific as to the written instrument, its substance and its execution and record. But if the proof fails to establish all the requirements of the statute as to such written instrument so as to effect a legal adoption, the cross bill should allege alternative facts justifying the relief of specific performance in order to obtain that relief. Such allegations may be set up however by an amendment to meet the state of proof that may be made in the case.

As the cross bill is now framed appellant is entitled to be declared the completely adopted child of Emma Snead under the statute or to no relief at all.

The demurrer does not assign any valid objection to the cross bill insofar as it seeks a decree declaring appellant to be the adopted child and legal heir of Emma Snead. The fact that the bill prays for a specific performance as an alternative prayer without making allegations intended to support it, does not make such alternative prayer subject to the demurrer addressed to it. Zimmern v. Williams, 190 Ala. 442, 67 So. 277; Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630; Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366 (7), 37 So.2d 507.

It is our view that the decree of the court sustaining the demurrer to appellant's cross bill was erroneous and that the decree should have been overruled. A decree will be so entered here.

This is a suit in equity by alleged heirs. of Emma Snead to sell the land of her estate for partition. We notice some reference not in the bill or cross bill to the. fact that an administration is pending. While the question is not now before us, we call attention to the requirement of Garth v. Ewing, 218 Ala. 143, 117 So. 665; Rehfuss v. McAndrew, 250 Ala. 55, 33 So.2d 16.

Reversed, rendered and remanded.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.