149 So. 820

### CENTRAL OF GEORGIA RY. CO. v. MOTHERWELL.

6 Div. 260.

Supreme Court of Alabama.

Oct. 5, 1933.

W. H. Sadler, Jr., of Birmingham, for appellant.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellee.

GARDNER, Justice.

Upon former trial (Central of Georgia Ry. Co. v. Motherwell, 224 Ala. 504, 140 So. 547), count 3 (upon which the cause was submitted to the jury) rested for recovery on the theory of subsequent negligence, and placed the location of the accident "at or near the intersection of Twenty-Third Avenue with Twenty-Seventh Street, North." Plaintiff insisted by his evidence that at the time of the injury he was walking and about to cross the track at this intersection, while defendant's proof tended to show that he was in fact lying face down and with his foot across the rail, and was some 45 feet east of the intersection. And under that tendency of the evidence defendant insisted all possible was done to avert the accident after his perilous position was discovered.

It was the theory of plaintiff's counsel, however, which appears to have been accepted by the trial court on the former hearing, that plaintiff was entitled to recover by force of the doctrine of subsequent negligence whether plaintiff's version or that of defendant as to the facts be accepted. But on appeal it was held that the averment of location in count 3 "at or near the intersection," in connection with the averment that plaintiff was in the act of crossing the track, did not justify a recovery based upon proof that plaintiff was lying face downward on the track at a location 45 feet east of such intersection, and this was one ground for condemnation of charge 4, given for plaintiff.

Upon the second trial, the complaint was amended by adding count B, wherein recovery was sought on the theory of subsequent negligence based upon defendant's version of the facts, and count A, which was substantially the same as former count 3.

Defendant seeks to invoke the principle of estoppel as to count B, based upon the

theory that plaintiff has successfully assumed a certain position and may not, because his interest has changed, assume a contrary position, citing, among other authorities, Davis v. Wakelee, 156 U. S. 680, 15 S. Ct. 555, 39 L. Ed. 578; Ohio & M. R. Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693; Maryland Casualty Co. v. Dupree, 223 Ala. 420, 136 So. 811; Harrison v. Harrison, 200 Ala. 379, 76 So. 295; McQuagge Bros., Inc., v. Thrower, 214 Ala. 582, 108 So. 450; 21 Corpus Juris 1226. The principle contended for is well recognized, but we think it lacks application here.

The evidence on both trials is substantially the same, and plaintiff insists on the last trial, as he did on the first, that the accident occurred at the intersection as he .was about to cross. He has not changed his position in the case, but adheres thereto. But under our liberal rule of amendment of pleading to meet the proof he has only added count B to meet the evidence of the defendant, and to submit his right of recovery even upon defendant's version of the facts. Such procedure lacks the essential elements of estoppel, and we find no error in the rulings upon which it was sought to be invoked.

Nor' was there error in the refusal of the affirmative charge as to either count A or B. As to count A the opinion on former appeal suffices for an answer, and upon due consideration we are unwilling to depart therefrom.

No necessity here arises for any detailed discussion of the proof, as sufficient outline of the respective theories of the parties is to be found in the opinion on former appeal.

■ Assuming defendant's theory that plaintiff was lying face downward with his foot across the rail, and thus in a perilous position, the jury .could infer (with a straight track, unobstructed view, electric headlight throwing its light some 400 feet, the slow speed of the train, the brakeman on the engine pilot, the fireman and engineer in their respective places, all looking ahead) that plaintiff's position was discovered at a range more extended than 50 feet, as defendant insists, and when preventive measures may have proven sufficient to avert the accident. Central of Georgia Ry. Co. v. Ellison, 199 Ala. 571, 75 So. 159. And the jury may also infer that a blast of the whistle (admittedly not sounded) might likewise have tended to prevent the injury to plaintiff. Alabama Great So. R. Co. v. McWhorter, 156 Ala. 269, 47 So. 84.

The brakeman on the engine pilot gave the only signal, known as the "washout signal," an emergency, and the engineer brought the train to a stop as speedily as possible. But from defendant's witnesses we think the jury could infer that the brakeman on the engine pilot had from 45 to 90 feet to give warning signal, though he testified to a much less distance.

The cases of Southern Ry. Co. v. Drake, 166 Ala. 540, 51 So. 996, Louisville & Nashville R. R. Co. v. Rayburn, 192 Ala. 494, 68 So. 356, Turbeville v. Mobile Light & R. Co., 221 Ala. 91, 127 So. 519, cited by defendant, are to be differentiated on the facts and not in conflict with the conclusion here reached.

Upon the whole, and without detail discussion of the proof, we are of the opinion the case was due to be submitted to the jury on the averments of count B.

Defendant's charges 4 and 10 confine the case to count A, and what has been said suffices to show they were refused without error.

The rule by which this court is guided in reviewing the denial of a new trial upon the ground the verdict is contrary to the great weight of the evidence is too well understood to need discussion or citation of authority. The trial judge saw and heard the witnesses. Two juries have found, on substantially the same proof, in favor of the plaintiff. The testimony has been carefully considered in consultation, and suffice it to say we are not persuaded the case is one calling for a disturbance of the ruling of the trial court in denying a new trial upon this ground. ·

We have considered the matters argued in brief, and find no error to reverse. Let the judgment therefore be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.